### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| INTRADO INTERACTIVE SERVICES CORPORATION, f/k/a, WEST INTERACTIVE SERVICES CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>SOLOMON MONTLIMAR HOLDINGS, LLC, as Successor in Interest to U.S. BANK NATIONAL ASSOCIATION, as Successor in Interest to BANK OF AMERICA, NATIONAL ASSOCIATION, Successor by Merger to LASALLE BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of BEAR STEARNS COMMERCIAL MORTGAGE SECURITIES, INC., Commercial Mortgage Pass-Through Certificates, Series 2007-PWR17,<br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CASE NO. 1:20-cv-00162 |

### COMPLAINT

Plaintiff, INTRADO INTERACTIVE SERVICES CORPORATION, f/k/a WEST INTERACTIVE SERVICES CORPORATION (hereinafter "Intrado"), files this Complaint against SOLOMON MONTLIMAR HOLDINGS, LLC, as Successor in Interest to U.S. BANK NATIONAL ASSOCIATION, as Successor in Interest to BANK OF AMERICA, NATIONAL ASSOCIATION, Successor by Merger to LASALLE BANK NATIONAL ASSOCATION, as Trustee for the Registered Holders of BEAR STEARNS COMMERCIAL MORTGAGE SECURITIES, INC., Commercial Mortgage Pass-Through Certificates, Series 2007-PWR17

{05318225.1}

(hereinafter "Solomon"), for the recovery of losses resulting from Solomon's breach of an Office Lease by failing to pay Intrado the full amount of the Construction Allowance it was obligated to pay pursuant to the terms of said Office Lease.  Intrado states as follows:

## PARTIES AND DIVERSITY OF CITIZENSHIP

1.      Plaintiff Intrado is a corporation organized under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska, and at all times material hereto, was doing business in the State of Alabama, County of Mobile.  Intrado is a citizen of Delaware and Nebraska.

2.      Defendant Solomon is, upon information and belief, a domestic limited liability company organized under the laws of the State of Alabama with its principal place of business in Alabama, and at all times material hereto, was doing business in the State of Alabama, County of Mobile.  Based upon currently available information, Solomon's sole member and organizer is Lawrence Solomon who is a citizen of New Jersey.  Accordingly, for the purpose of determining diversity jurisdiction, Solomon is a citizen of New Jersey.

3.      Consequently, there is complete diversity of citizenship between Plaintiff and Defendant.

## JURISDICTION AND VENUE

4.      This Court has original and subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 inasmuch as Intrado and Solomon are residents of different states and the amount in controversy is in excess of $75,000.00, exclusive of interests and costs. Intrado seeks $431,546.00 from Solomon for breach of contract in addition to other damages. This amount alone satisfies the amount in controversy requirement.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the acts and/or omissions committed by Solomon giving rise to this claim occurred in this Judicial District.

## FIRST CAUSE OF ACTION

6.      Intrado incorporates by reference the allegations of paragraphs 1-4 as if fully set forth herein.

7.      On or about September 26, 2016, Intrado entered into an Office Lease with Solomon, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

8.      On or about May 22, 2019, Intrado entered into a First Amendment to Office Lease with Solomon amending the original Office Lease dated September 26, 2016.  A copy of said First Amendment to Office Lease is attached hereto as Exhibit "B" and incorporated herein by reference.

9.      Pursuant to Section 18 entitled "Construction Allowance" of the Basic Lease Provisions contained in the First Amendment to Office Lease, Solomon provided an allowance to Intrado in the amount of $431,564.00 for improvements to the leased premises.  Specifically, Paragraph 18 states as follows:

> $431,564.00.  The Construction Allowance may be used by Tenant for improving the Premises including, but not limited to: construction costs, architect and engineering costs, **acquisition and installation of furniture, fixtures and equipment including telephone and computer equipment.**  Any portion of the Construction Allowance not used by Tenant in improving the Premises on or before December 31, 2019 shall be deemed forfeited by Tenant.

10.      On or about January 17, 2020, Intrado wrote Solomon requesting reimbursement for the balance of funds remaining in the Construction Allowance in the amount of $431,564.00.  A copy of said January 17, 2020 correspondence is attached hereto as Exhibit "C" and

incorporated herein by reference.  Specifically, Intrado advised Solomon that Intrado timely completed and paid for improvements to the leased premises, including construction projects, and acquisition and installation of furniture and computer equipment as permitted by the Construction Allowance.

11.     Attached to Intrado's January 17, 2020 correspondence to Solomon were copies of invoices evidencing proof of payment for construction costs, furniture and computers.  A copy of said invoices are attached hereto collectively as Exhibit "D" and incorporated herein by reference.  The invoices submitted by Intrado to Solomon total $462,205.47, representing the entire amount Intrado spent for construction costs, furniture and computers.

12.     On February 10, 2020, counsel for Solomon responded to Intrado's January 17, 2020 letter denying that Solomon owed the full amount of $431,564.00 provided for in the Construction Allowance.  A copy of said correspondence is attached hereto as Exhibit "E" and incorporated herein by reference.  Specifically, Solomon stated that it was only approving reimbursement to Intrado in the amount of $243,110.00 representing "construction work performed to and inside the Premises . . . ."  Intrado's request for the remaining balance of $188,454.00 was denied by Solomon.  Solomon's primary ground for denial of the balance was that Intrado's purchase of furniture and computers did not constitute "improving the Premises."

13.     On February 17, 2020, Intrado, by and through counsel, wrote to counsel for Solomon acknowledging receipt of Solomon's February 10, 2020 letter denying full reimbursement of the Construction Allowance.  A copy of said February 17, 2020 letter to Solomon is attached hereto as Exhibit "F" and incorporated herein by reference.  In compliance with Section 17(b) and Section 19(c) of the Standard Lease Provisions of the original Office Lease, Intrado provided the required notice to Solomon of its default by failing to comply with

its obligations to reimburse Intrado for the balance of the funds remaining in the Construction Allowance and requesting that Solomon cure its default within thirty (30) days or no later than March 17, 2020.

14.     Solomon failed to reimburse Intrado the full amount of $431,564.00 and further failed to cure its default by March 17, 2020 as required by the provisions of the Office Lease.

15.     Solomon is in breach of the Office Lease for failing to reimburse Intrado the full amount of $431,564.00 as provided in the Construction Allowance as well as for failing to cure its default within thirty (30) days' notice thereof.

## DAMAGES

16.     Intrado incorporates herein the allegations of paragraphs 1-15 as if fully set forth herein.

17.     As a result of Solomon's default and breach of the Office Lease, Intrado has suffered damages in the amount $431,564.00.  Additionally, Intrado has been caused to incur attorney fees, expenses and other costs it otherwise would not have incurred had Solomon not breached the Office Lease.

18.     Paragraph 19 of the Office Lease provides that in the event legal action is instituted by either party against the other, the prevailing party is entitled to recover reasonable attorneys' fees and costs, including, but not limited to, court costs and expert witness fees incurred in said action, and that any such amounts shall be included in any judgment rendered in the action.

WHEREFORE, the premises considered, Intrado respectfully requests this Honorable Court to enter judgment in its favor and against Solomon in the amount of $431,564.00 as a result of Solomon's breach of the Office Lease plus attorneys' fees, pre-judgment interest, costs

and expenses as allowed, and for such other, further or different relief this Honorable Court may

deem necessary and proper.

       Respectfully submitted this the 18th day of March, 2020.

/s/ *Timothy A. Clarke*

J. Walton Jackson      (JACKJ1045)
Timothy A. Clarke     (CLART1440)
*wjackson@maynardcooper.com*
*tim.clarke@maynardcooper.com*

Attorneys for Plaintiff
INTRADO INTERACTIVE SERVICES
CORPORATION f/k/a WEST INTERACTIVE
SERVICES CORPORATION

OF COUNSEL:

MAYNARD, COOPER & GALE, PC
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, Alabama 36602
(t) 251.432.0001
(f) 251.432.0007


**EXHIBITS:**

A – September 26, 2016 Office Lease
B – May 22, 2019 First Amendment to Office Lease
C – January 27, 2020 Letter from Intrado to Solomon
D – Invoices attached to January 27, 2020 Letter from Intrado to Solomon
E – February 10, 2020 Letter from Solomon to Intrado
F – February 17, 2020 Letter from Counsel for Intrado to Counsel for Solomon


**PLAINTIFF DOES NOT REQUEST A JURY TRIAL**

Defendant can be served by Registered Agent:

Solomon Montlimar Holdings, LLC
c/o Pacific Registered Agents, Inc.
420 North 20thh Street, Suite 2200
Birmingham, Alabama  35203